UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROBERT MALLOY, *pro se,*

    Plaintiff,

v.                                          Case No.  2:09-CV-801-FtM-99DNF

RICHARD CASEY, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon numerous motions to dismiss filed by Defendants.  Upon consideration of the motions and the procedural history of this case, the Court concludes that the motions to dismiss should be granted, and this case dismissed with prejudice.

## DISCUSSION

*Pro se* Plaintiff Robert Malloy filed this action on December 10, 2009, against numerous Defendants.  Plaintiff attempts to assert claims against Defendants for violations of the Racketeer Influenced and Corrupt Organization, violations of the Hobbs Act, tortious interference with a business relation, theft by conversion, embezzlement, slander, and libel.

Notably, Plaintiff received four opportunities to plead a complaint that complied with the Federal Rules of Civil Procedure and alleged sufficient facts to state a claim under Rule 12(b)(6). Indeed, as stated above, on December 10, 2009, Plaintiff filed his initial complaint

(Dkt. 1). The Court dismissed the complaint for its failure to comply with the Federal Rules of Civil Procedure and allowed Plaintiff to file an amended complaint.

On March 8, 2011, Plaintiff filed an amended complaint (Dkt. 68). The Court dismissed the amended complaint for the same reasons; it did not comply with the Federal Rules of Civil Procedure, was vague and ambiguous, and did not contain sufficient facts with respect to the claims. The Court also held that the amended complaint was a "shotgun pleading" because it was impossible for Defendants to frame a response.

On July 21, 2011, Plaintiff filed a second amended complaint (Dkt. 107), which was again dismissed because it did not provide sufficient factual allegations. The Court indicated that it would "allow the Plaintiff one last attempt to file a complaint in this case which includes all of the factual allegations and claims in one document." (Dkt. 123).

On February 16, 2012, Plaintiff filed a third amended complaint (Dkt. 124). Upon review of the third amended complaint, the Court concludes that it suffers from the same deficiencies as its former versions. The allegations include legal citations, legal conclusions, vague and almost stream of consciousness thoughts, lumps the Defendants together, so that it is unclear which Defendant committed the alleged act, appears to incorporate every paragraph in every claim making it an improper shotgun pleading, and does not contain sufficient facts to state a claim. Indeed, it is nearly identical to the original complaint, amended complaint, and second amended complaint.

In sum, Plaintiff received ample opportunities, over a period of more than two years, to plead a viable complaint. His fourth attempt is unavailing.

It is therefore ORDERED AND ADJUDGED that:

1. The motions to dismiss filed at Dkts. 128, 130, 134, and 140 are hereby GRANTED.

2. The motions filed at Dkts. 129, 135, 136, and 137 are hereby DENIED as moot.

3. This case is dismissed with prejudice.

4. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 15, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gundlach\2-09-cv-801.variousmotions.wpd